**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**


| | | |
|---|---|---|
| HUNTER INNOVATIONS COMPANY, | : | |
| 3310 North Vernon Street | : | |
| Arlington, VA 22207-4468 | : | |
| | : | |
|        Plaintiff, | : | |
| | : | |
| v. | : | Case No. |
| | : | Judge: |
| THE TRAVELERS INDEMNITY | : | Deck Type:    Contract |
| COMPANY OF CONNECTICUT, | : | |
| AKA/DBA THE TRAVELERS | : | |
| INDEMNITY COMPANY | : | |
| AKA/DBA THE TRAVELERS GROUP | : | |
| AKA/DBA ST. PAUL TRAVELERS | : | |
| One Tower Square | : | **JURY TRIAL DEMANDED** |
| Hartford, CT 06183 | : | |
| | : | |
| Serve: | : | |
| RUST INSURANCE AGENCY, LLC | : | |
| 910 17TH Street, NW | : | |
| 9th Floor | : | |
| Washington, DC 20006 | : | |
| | : | |
|      And | : | |
| | : | |
| STEPHEN BRADY, | : | |
| 111 Schilling Road | : | |
| Hunt Valley, MD 21031 | : | |
| | : | |
|      Defendants. | : | |


## COMPLAINT

Plaintiff, Hunter Innovations Company ("HIC"), by and through its attorneys,

brings this action for breach of contract, *quantum meruit,* unjust enrichment and fraud

against defendants, The Travelers Indemnity Company of Connecticut ("Travelers") and

Stephen Brady ("Brady"). In support thereof, plaintiff states that this action arises out of

repairs and/or refurbishments made to historical real property located in the District of Columbia.

## PARTIES AND JURISDICTION

1.      Plaintiff HIC is a Virginia business, which repairs, improves and/or refurbishes historical real properties, and is located at 3310 North Vernon Street Arlington, VA 22207-4468.

2.      Travelers, also known as, doing business as, or subsidiary of, The Travelers Indemnity Company, The Travelers Group and St. Paul Travelers, is a nationwide insurance company with its principal place of business located at One Tower Square Hartford, CT 06183.  Travelers does business in the District of Columbia, but upon information and belief has no registered agent in the District of Columbia.

3.      Brady is an adult individual residing in the State of Maryland, is a Technical Specialist in Property Claim Services for Travelers, and upon information and belief has a business address located at 111 Schilling Road, Hunt Valley, Maryland 21031.

4.      The events giving rise to this action occurred in the District of Columbia, and this Court has jurisdiction over the parties and this action pursuant to 28 U.S.C. § 1332 and D.C. Code § 13-423.

## FACTS

5.      Upon information and belief, Travelers insured historical real property located at 1916 18th Street, NW, Washington, DC (hereinafter referred to as the "subject property"), pursuant to its Commercial Policy Number 432J0290.

6.      On December 12, 2003, Brady and Travelers called HIC to offer a time-and-materials contract to make certain repairs and/or refurbishments to the subject property; a contract was then sent by facsimile.

7.      Under the terms of the contract, HIC would be paid for its costs of time and material with an additional payment of "10% profit and 15% overhead on your total time and material costs." *See Exhibit 1*.  The contract stated further "[a]t this time, we have advance [sic] $15,000 to the insured in order to get the project going." *Id.*  HIC accepted the terms of this contract by rendering and completing performance.

8.      On or about March 7, 2004, HIC wrote Brady and Travelers, and stated, *inter alia,* that HIC had exceeded One Hundred Thousand Dollars ($100,000.00) in costs to date.  A few days later, Brady and Travelers inspected the repair site with HIC, and HIC advised them that the cost of completion would be approximately $320,000.00.  Shortly thereafter, on or about March 25, 2004, HIC provided the written details to Brady and Travelers of all work required to complete the repairs and improvements to the subject property; and itemized the total cost of completion, exclusive of profit and overhead, as approximately Three Hundred Twenty Thousand Dollars ($320,000.00).

9.      Thereafter, Travelers and Brady repeatedly represented to HIC that HIC would be paid its costs.  Travelers and Brady also repeatedly represented to HIC that HIC would be paid in full in accordance with the terms of the agreed-upon written contract.  These repeated representations were made with the intent to ensure that HIC completed performance, which HIC did.  However, these representations by Travelers and Brady were knowingly false when made.

10.    On or about June 17, 2004, Brady and Travelers then wrote HIC and stated that no more cost advances would be issued until the total job costs were submitted. Brady and Travelers sent HIC identical form letters through November 14, 2004.

11.    In September 2004, and again in December 2004, HIC provided a written Final Statement to Brady and Travelers, which reflected total job costs. HIC's Final Statement reflected that the total costs of completion HIC had paid were Three Hundred Eighteen Thousand Five Hundred Fifty-Five and 12/100 Dollars ($318,555.12). HIC's Final Statement reflected further that with 15% overhead and 10% profit, less three (3) advanced payments Travelers made, which had been negotiated to HIC, Travelers owed HIC Three Hundred and Three Thousand One Hundred Ninety-Three and 88/100 Dollars ($303,193.88) related to completing the contract.

12.    HIC completed performance of the written contract within one (1) year from acceptance of the contract.

13.    On April 18, 2005, Brady and Travelers wrote the owner of the subject property, sending a copy to HIC at an incorrect address, and advised that, contrary to HIC's Final Statement, the cost of completion was only Two Hundred Ten Thousand Two Hundred Fourteen and 21/100 Dollars ($210,214.21). Brady and Travelers stated further that less advances previously made, a "final check" in the amount of One Hundred Fourteen Thousand Two Hundred Fourteen and 21/100 Dollars ($114,214.21) would be issued under separate cover. Given the incorrect mailing address, HIC did not learn of this letter until months later.

14.     On June 22, 2005, Travelers made and issued the supposed "final check," which eventually was negotiated to HIC.  After crediting the supposed "final check" from Travelers, HIC is still owed One Hundred Eighty-Nine Thousand One Hundred Ninety-Three and 88/100 Dollars ($189,193.88).  Despite demand, Travelers has stated that it will not pay HIC the remaining amount owed.

## COUNT I
### (Breach of Contract -Travelers)

15.     Plaintiff re-alleges the facts contained in paragraphs 1 through 14 of the Complaint as if stated verbatim herein.

16.     There was a written contract between HIC and Travelers.

17.     Travelers breached this contract in that there was an unjustified failure by Travelers to perform what was promised in the contract, which has entitled HIC to damages, including incidental and consequential damages.

WHEREFORE, given the above good and valid reasons, plaintiff Hunter Innovations Company demands judgment against defendant The Travelers Indemnity Company of Connecticut in the amount of One Hundred Eighty-Nine Thousand One Hundred Ninety-Three and 88/100 Dollars ($189,193.88) in compensatory damages; incidental and consequential damages; costs incurred in bringing this action; all prejudgment interest to which plaintiff may be entitled; and any other such relief as is deemed appropriate.

## COUNT II
### (*Quantum Meruit* – Travelers)

18.     Plaintiff re-alleges the facts contained in paragraphs 1 through 17 of the

Complaint as if stated verbatim herein.

19.    Valuable services were rendered by HIC.

20.    Travelers, from whom recovery is sought, received these valuable

services.

21.    Travelers has accepted and enjoyed these valuable services.

22.    There existed circumstances which reasonably notified Travelers that

HIC, in performing such services, expected to be paid.

WHEREFORE, given the above good and valid reasons, plaintiff Hunter

Innovations Company demands judgment against defendant The Travelers Indemnity

Company of Connecticut in the amount of One Hundred Eighty-Nine Thousand One

Hundred Ninety-Three and 88/100 Dollars ($189,193.88) in compensatory damages;

incidental and consequential damages; costs incurred in bringing this action; all

prejudgment interest to which plaintiff may be entitled; and any other such relief as is

deemed appropriate.

## COUNT III
**(Unjust enrichment – Travelers)**

23.    Plaintiff re-alleges the facts contained in paragraphs 1 through 22 of the

Complaint as if stated verbatim herein.

24.    Valuable services were rendered by HIC.

25.    Travelers, from whom recovery is sought, received these valuable

services.

26.    Travelers has accepted and enjoyed these valuable services.

27.    There existed circumstances which reasonably notified Travelers that

HIC, in performing such services, expected to be paid.

28.     It would be unjust for Travelers to retain that benefit.

WHEREFORE, given the above good and valid reasons, plaintiff Hunter

Innovations Company demands judgment against defendant The Travelers Indemnity

Company of Connecticut in the amount of One Hundred Eighty-Nine Thousand One

Hundred Ninety-Three and 88/100 Dollars ($189,193.88) in compensatory damages;

incidental and consequential damages; costs incurred in bringing this action; all

prejudgment interest to which plaintiff may be entitled; and any other such relief as is

deemed appropriate.

## COUNT IV
### (Fraud- Travelers and Brady)

29.     Plaintiff repeats and re-alleges each and every allegation set forth in

paragraphs 1 through 30 of the Complaint as if stated verbatim herein.

30.     As described above and at all times material herein, Travelers and Brady

made false representations to HIC in reference to material facts.

31.     As described above and at all times material herein, Travelers and Brady

knew of the falsity of these representations when made.

32.     As described above and at all times material herein, Travelers and Brady

made these representations with the intent to deceive HIC.

33.     As described above and at all times material herein, HIC took action in

reliance upon these representations.

WHEREFORE, given the above good and valid reasons, plaintiff Hunter

Innovations Company demands judgment against defendants, The Travelers Indemnity

Company of Connecticut and Stephen Brady, jointly and severally, in the amount of One

Hundred Eighty-Nine Thousand One Hundred Ninety-Three and 88/100 Dollars

($189,193.88) in compensatory damages; One Million Dollars ($1,000,000.00) in

punitive damages; costs incurred in bringing this action; all prejudgment interest to which

plaintiff may be entitled; and any other such relief as is deemed appropriate.

HUNTER INNOVATIONS COMPANY

By: /s/ James Hunter_____
         James Hunter, President

__/s/ Geoffrey M. Bohn_____
Geoffrey M. Bohn (D.C. Bar # 463248)
Robert A. Battey (D.C. Bar #463978)
BOHN & KOURETAS, PLC
P.O. Box 17811
Arlington, VA 22216
(703) 599-7076
(703) 842-8089 (Fax)

Attorney for Hunter Innovations Company

**DEMAND FOR JURY TRIAL**

A trial by jury on all issues of fact is requested.

__/s/ Geoffrey M. Bohn_____
Geoffrey M. Bohn

8

CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

HUNTER INNOVATIONS COMPANY

88888

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___88888___
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

BOHN & KOURETAS, PLC
P.O. BOX 17811
ARLINGTON, VA 22216
(703) 599-7076

**DEFENDANTS**

THE TRAVELERS IND. CO. OF CONN.
STEPHEN BRADY

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-00671
Assigned To : Friedman, Paul L.
Assign. Date : 4/17/2008
Description: Contract

JURY ACTION

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government Plaintiff
O 3 Federal Question (U.S. Government Not a Party)
O 2 U.S. Government Defendant
◉ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | ◉ 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

O **A.** *Antitrust*

☐ 410 Antitrust

O **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

O **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

O **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

O **E.** *General Civil (Other)* OR O **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ⓧ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☒ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding　○ 2 Removed from State Court　○ 3 Remanded from Appellate Court　○ 4 Reinstated or Reopened　○ 5 Transferred from another district (specify)　○ 6 Multi district Litigation　○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC SECTION 1332 Breach of contract and fraud action related to work performed in the District of Columbia

**VII. REQUESTED IN COMPLAINT**　☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23　DEMAND $ 189,193.88　Check YES only if demanded in complaint

JURY DEMAND:　YES ☒　NO ☐

**VIII. RELATED CASE(S) IF ANY**　(See instruction)　YES ☐　NO ☒　If yes, please complete related case form.

DATE　4/16/08　SIGNATURE OF ATTORNEY OF RECORD　_[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.　COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.　CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.　CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.　CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.　RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.