UNITED STATES DISTRICT COURT
District of Columbia

HUNTER INNOVATIONS COMPANY     *

     Plaintiff     *

v.     *

THE TRAVELERS IND. CO. OF CONN.,     *    Case No. 1:08-cv-00671 PLF
Et al.
    *

     Defendants

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO DISMISS

Defendants The Travelers Indemnity Company of Connecticut ("Travelers") and Stephen Brady ("Brady"), by and through their attorneys FERGUSON, SCHETELICH & BALLEW, P.A. and Robert L. Ferguson, Jr., submit this Motion to Dismiss pursuant to Rule 12(b)(6) and for reasons state:

1. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

2. Plaintiff's Complaint is barred by the applicable statutes of limitations.

3. Plaintiff's equitable claims are barred by the existence of a written contract.

4. Plaintiff fails to state a cause of action for fraud.

5. Plaintiff lacks standing to sue.

6. Plaintiff's Complaint should be dismissed with prejudice.

7. Defendants rely upon the accompanying Memorandum of Points and Authorities filed with this Motion.

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum, Defendants The Travelers Indemnity Company of Connecticut and Stephen Brady respectfully request that this Court enter an Order dismissing all counts against Defendants with prejudice and that the Court provide further relief as it may deem appropriate.

                                      FERGUSON, SCHETELICH & BALLEW, P.A.

                 By:      _____/s/_____
                               Robert L. Ferguson, Jr.
                               DC Bar No.: 388526
                               100 S. Charles Street, Suite 1401
                               Baltimore, MD 21201-2725
                               (410) 837-2200
                               (410) 837-1188 fax
                               *Attorneys for Defendants The Travelers Indemnity Company of Connecticut and Stephen Brady*

UNITED STATES DISTRICT COURT
District of Columbia

| | | |
|---|---|---|
| HUNTER INNOVATIONS COMPANY | * | |
|     Plaintiff | * | |
| v. | * | |
| THE TRAVELERS IND. CO. OF CONN., Et al. | * | Case No. 1:08-cv-00671 PLF |
| | * | |
|     Defendants | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants The Travelers Indemnity Company of Connecticut ("Travelers") and Stephen Brady ("Brady"), by and through their attorneys FERGUSON, SCHETELICH & BALLEW, P.A. and Robert L. Ferguson, Jr., submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss pursuant to Rule 12(b)(6) and for reasons state:

## BACKGROUND

Plaintiff Hunter Innovations Company ("Hunter") filed the above-captioned Complaint against Travelers and Brady for events arising out of repairs performed by Hunter on real property in the District of Columbia. Plaintiff alleges, under theories premised on contract law, equity, and fraud, that it performed repairs on real property insured by Travelers and subsequently was not paid for the repairs that it performed.

## STATEMENT OF FACTS

Plaintiff alleges that it is a company which repairs, improves, and/or refurbishes real property with offices located in Virginia. ¶1. Plaintiff alleges that Travelers insured real

property located at 1916 18th Street, NW, Washington, DC ("the Property").  Compl. ¶5. Plaintiff alleges that on December 12, 2003, Brady and Travelers called Hunter to offer a time-and-materials contract to make repairs to the Property.  Id. at ¶6.  Plaintiff alleges further that a contract was sent by facsimile.  Id. at ¶6.  Plaintiff alleges that the contract provided that Hunter would be paid for its for time and material costs with additional payment of 10% profit and 15% overhead.  Id. at ¶7.  Plaintiff alleges that on March 7, 2004, it advised Defendants that its costs had exceeded $100,000 and that the costs of completion would be $320,000.  Id. at ¶8.  Plaintiff alleges that Defendants represented that Hunter would be paid its costs to ensure that Plaintiff completed performance and that these representations were knowingly false when made.  Id. at ¶9.  Plaintiff alleges that, from June 17, 2004 through November 14, 2004, Defendant sent Plaintiff a number of letters stating that no more cost advances would be issued until the total job costs were submitted.  Id. at ¶10.  Plaintiff alleges that in September 2004 and again in December 2004, it submitted a written Final Statement to Defendants reflecting total job costs of $318,555.12.  Id. at ¶11.  Plaintiff alleges that on April 18, 2005, Defendants wrote to it stating that the cost of completion was $210,214 and issued a final check.  Id. at ¶13.

## LEGAL STANDARD

A motion to dismiss should be granted under Rule 12(b)(6) when, "It appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  For the purposes of ruling on the motion, the allegations set forth in the complaint are assumed to be true and every doubt is to be resolved on the plaintiff's behalf.  *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969).  However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set

forth in the complaint. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). In deciding whether to dismiss a claim under Rule 12(b)(6), the Court can only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice. *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-625 (D.C. Cir. 1997). While Defendants deny the allegations in Plaintiff's Complaint, for the purposes of this motion, Defendants assume the allegations in Plaintiff's Complaint to be true.

## ARGUMENT

### I.    Plaintiff's Claims are Barred by the Applicable Statutes of Limitations

The District of Columbia's statute of limitations period applies in this case. This matter is before the Court based on diversity jurisdiction pursuant to 28 U.S.C. §1332 (2000). "When deciding state-law claims under diversity jurisdiction, federal courts apply the choice-of-law rules of the jurisdiction in which they sit." *Ideal Elec. Sec. Co. v. Int'l Fid. Ins. Co.*, 129 F.3d 143, 148 (D.C. Cir. 1997). The D.C. choice of law rules treat statutes of limitations as procedural and mandate application of the District's own statute of limitations. *A.I. Trade Fin., Inc. v. Petra Int'l Banking Corp.*, 62 F.3d 1454, 1458(D.C. Cir. 1995). Each of Plaintiff's claims are governed by a three year statute of limitations as none of the claims are enumerated in D.C. Code §12-301 and therefore a three year statute of limitations applies. D.C. Code §12-301(8). As Plaintiff's Complaint was filed on or about April 17, 2008, all of its claims are time-barred as having arisen more than three years prior to this date.

In Paragraph 11 of its Complaint, Plaintiff alleges that it provided a written Final Statement to Brady and Travelers reflecting its total job costs in September, 2004. In the same

paragraph, Plaintiff alleges that it submitted another written Final Statement to Brady and Travelers reflecting total job costs in December, 2004. Plaintiff's claims accrued when it completed performance under the contract and submitted its final bill for payment. When Plaintiff submitted a bill in September 2004 and was not paid, it alleges that it had completed performance and was entitled to payment under the contract. Based on Plaintiff's allegations, beginning in September, 2004, Plaintiff could have successfully pursued a claim for breach of contract. As a result, the statute of limitations would have run in September, 2007, yet Plaintiff did not file its Complaint until April 17, 2008, more than 3 years after the cause of action had accrued. Plaintiff's Complaint is barred by the statute of limitations.

In *Bembery v. District of Columbia*, 758 A.2d 518 (D.C. 2000), the appellant was a partner in a venture, December Ventures, which leased two townhouses to the District of Columbia from 1985 until 1994. *Id.* at 518. The terms of the lease provided for a combined monthly rent of $7,572.50 for the two buildings, to be paid at the end of each month. *Id.* at 519. The rent only covered the use of the buildings during normal business hours. *Id.* The lease contained a provision for use during additional hours at a rate of $35 per hour. *Id.* The District refused to pay December Ventures under the "additional hours" provision of the lease and December Ventures sued for breach of the lease in 1992. *Id.* In March, 1993, the trial court in that action ruled in favor of December Ventures and awarded it damages for the period up to and including July, 1992. *Id.*

After the conclusion of the case, December Ventures submitted invoices for overtime charges to the District for certain periods of time following July, 1992. *Id.* December Ventures heard nothing from the District until it received a letter dated March 30, 1994 stating that the

4

District was denying the charges since no overtime had been performed during those periods. *Id.* On November 15, 1996, December Ventures again sued the District for the overtime fees for July 1992 through December 1994. The District filed for partial summary judgment, citing the three year statute of limitations, for any charges submitted more than three years before the November 15, 1996 date of the suit. The trial court granted the motion for partial summary judgment and the District of Columbia Court of Appeals affirmed the decision. *Id.*

The DC Court of Appeals held that the statute of limitations began to run when the District received bills for extra rent, rather than 15 months later when the District sent a letter expressly rejecting the charges. *Id.* at 520. The Court cited the general rule that a cause of action accrues when a suit could be maintained to a successful conclusion. *Id.* at 520. Thus, the statute of limitations began to run when December Ventures submitted bills for the overtime charges and received no payment. *Id.* at 520. As in *Bembery*, Hunter alleges that it submitted a Final Statement for payment in September, 2004 and again in December, 2004 reflecting total job costs. Compl. ¶11. Hunter could have sued Travelers once it made the September and December demands for final payment to Travelers and received no payment. No statute or provision of the contract prevented Hunter from pursuing its right to sue once it had made successive demands on Defendants, in September and December of 2004, and received no payment. At the very latest, suit should have been brought against Travelers in December, 2007.

Hunter may attempt to argue, as the lessor did in *Bembery*, that it could not have discovered the breach until Travelers sent a letter refusing to make full payment in April 2005. As in *Bembery*, an argument that it could not have discovered that Travelers would not pay the final bill in full until that time is incorrect. Plaintiff alleges, in ¶10 of its Complaint, that it

5

received letters from Defendants from June 17, 2004 until November 14, 2004 stating that cost advances would not be paid until total job costs were submitted. Plaintiff also alleges in its Complaint that it submitted final bills for payment twice. Compl. ¶11. Given Hunter's awareness that there were disputes regarding cost advances and that three months had passed after it first submitted a final bill for payment, Plaintiff should have, at the very latest, discovered that it had a cause of action for breach of contract in December of 2004. The Court of Appeals has explained, in *Hendel v. World Plan Exec. Council*, 705 A.2d 656, 661 (D.C. 1997), that "The law of limitations requires only that [the plaintiff] have *inquiry notice* of a cause of action." (emphasis in original). Plaintiff had ample time within the limitations period to sue for non-payment of its full bill for services. It failed to do so and its Complaint should be dismissed with prejudice.

     Plaintiff's claims for unjust enrichment, quantum meruit, and fraud are also time-barred. All of these claims are entirely predicated on the allegations contained in the breach of contract claim. Plaintiff's fraud claim is based on representations made to it during its performance under the contract and its alleged harm is Defendants' failure to pay. Plaintiff's unjust enrichment and quantum meruit claims are simply assertions that it should be entitled to recover in equity that which it is seeking to recover for under the contract. All of these claims involve the same events discussed in Plaintiff's breach of contract claim. Indeed, for each separate count Plaintiff simply incorporates the facts alleged for the breach of contract claim and asserts a new theory for recovery. Plaintiff's claims for unjust enrichment, quantum meruit, and fraud and "completely dependent upon and intertwined" with its allegations under its breach of contract claim and therefore, the claims accrued at the same time. *See Bradley v. National Ass'n of Securities*

*Dealers Dispute Resolution, Inc.*, 245 F. Supp. 2d 17, 23 (D.D.C. 2003).  As Plaintiff's Complaint was filed on or about April 17, 2008, all of its claims are time-barred as having arisen more than three years prior to this date.

II.   Plaintiff's Unjust Enrichment and Quantum Meruit Claims are<br>Barred by its Allegations of an Express Contract

Counts II and III of Plaintiff's Complaint assert equitable claims for restitution in the form of unjust enrichment and quantum meruit that are barred, as a matter of law, by its allegations of the existence of an express contract.  In ¶¶ 6, 7, 9, 12, and 16 of its Complaint, Plaintiff alleges that there was a contract between Hunter and Travelers for Hunter to perform repairs to the Property insured by Travelers.  Compl. ¶¶ 6, 7, 9, 12, and 16.  As Exhibit 1 to its Complaint, Plaintiff attaches a document from Travelers setting forth the terms of the agreement.  D.C. law is clear that "Neither form of restitution is available when there is an actual contract between the parties."  *Bloomgarden v. Coyer*, 479 F.2d 201, 210 (D.C. Cir. 1973).  In *Schiff v. American Ass'n of Retired Persons*, 697 A.2d 1193 (1997), the District of Columbia Court of Appeals upheld a trial court's dismissal of a claim for unjust enrichment when an express contract was alleged in the Complaint.  In *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99 (D.D.C. 2006), the United States District Court for the District of Columbia dismissed counterclaims for unjust enrichment and quantum meruit when the existence of an express contract was alleged in the counterclaim.  Plaintiff's claims for unjust enrichment and quantum meruit should be dismissed with prejudice.

III.   Plaintiff Fails to State a Cause of Action for Fraud

Count IV of Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.  Plaintiff alleges in Paragraph 8 of its Complaint that, after March 25, 2004, Travelers

and Brady represented to Hunter that it would be paid its costs. Plaintiff alleges that these representations were knowingly false when made and were made with the intent to ensure that Plaintiff completed performance. Plaintiff's claim for fraud fails as a matter of law, in addition to being time-barred, because it does not present a colorable cause of action, for its failure to plead fraud with sufficient particularity, and because Plaintiff could not have reasonably relied on Brady and Travelers' representations when Plaintiff had an existing obligation to complete performance.

Plaintiff has alleged no colorable claim for fraud. Under D.C. law, "It is clear that a subsequent breach of contract does not give rise to a claim of fraud unless fraudulent intent existed at the time of the contract." *Wagshal v. Rigler,* 947 F. Supp. 10, 14 (D.D.C. 1996), *citing One-O-One Enterprises Inc. v. Caruso*, 668 F. Supp. 693, 699 (D.D.C. 1987). Plaintiff has made no allegation that Defendants induced Plaintiff to enter into the contract with any fraudulent intent. For this reason, Plaintiff' fraud claims fail as a matter of law.

In *Regency Communications, Inc. v. Cleartel Communications, Inc.*, 160 F.Supp.2d 36 (D.D.C. 2001), the United States District Court for the District of Columbia, applying D.C. law, set forth an extensive explanation of when a Plaintiff has a colorable claim for fraud related to a breach of contract claim. Regency Communications owned pay phones in the state of New Jersey and contracted with Cleartel Communications to provide long distance service for its pay phones. *Id.* at 37, 38. The contract tied Regency's revenue to the charges that Cleartel assessed for each phone call and therefore required that Cleartel provide a summary of the gross number of calls and charges by originating phone number. *Id.* In the late 1990's, Regency and co-plaintiff Actel discovered that Cleartel was consistently charging the user of the phone services

$.60 to $1 more per call than Cleartel was reporting to Regency. *Id.* As a result, Cleartel's payments to Regency and Actel under its contracts were based on amounts lower than the amounts actually received by Cleartel. *Id.* Regency sued Cleartel under four separate theories of liability: breach of contract, fraud, and two counts related to RICO violations. *Id.* The Court granted summary judgment to plaintiffs on the breach of contract claims. *Id.* at 40. The Court, however, dismissed the plaintiffs' fraud claim as a matter of law as duplicative of their breach of contract claims. *Id.* at 40.

The Court began its analysis by discussing the distinction between a claim in contract and a claim in tort. *Id.* at 41. The Court cited the general principle that where the wrong results from a breach of a promise, the claim is in contract. *Id.* When the wrong springs from the breach of a duty growing out of the relationship of the parties or imposed by law, the claim is in tort. *Id.* The Court noted a "general reluctance to allow a claim of fraud to proceed when 'the fraud contemplated by the plaintiff does not seem to be extraneous to the contract, but rather on the performance of the contract itself.'" *Id., citing Triple Point Technology, Inc. v. D.N.L. Risk Management, Inc.*, 2000 WL 1236227, at *5 (D.N.J. 2000). Following *Bridgestone/Firestone v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2nd Cir. 1996), the Court set forth three instances where a fraud claim and a breach of contract claim may stand together. *Id.* at 42.

> "To maintain a claim of fraud [in addition to a claim of breach of contract], a plaintiff must either:
> (i) demonstrate a legal duty separate from the duty to perform under the contract;
> (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or
> (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages."

9

*Id.* at 42, *citing Bridgestone* at 20. In *Regency*, the Court found none of those factors. *Id.* Cleartel's duty to report the charges was a duty arising specifically under the parties' contracts and was not required by any tort duty. *Id.* The contracts were negotiated at arms-length, so there was no fiduciary relationship and Cleartel's duty to act in good faith was an implied duty to perform under the contract. *Id.* Cleartel's alleged fraudulent misrepresentations were not collateral or extraneous to the contract; its withholding of information was "behavior directly related to the contract; in fact, it is the specific behavior required of Cleartel." *Id.* Finally, the Court held that Plaintiff had requested no damages that would qualify as "special damages unrecoverable as contract damages" despite the fact that it had requested treble damages for the RICO violations. *Id.* at 43. The Court stated that the plaintiff must instead point to damages caused by the contract's breach that would not be recoverable in a contract action. *Id.*

      Plaintiff's allegations of fraud fail for the same reasons that Regency's failed. Defendants' alleged misrepresentations occurred after the parties had contracted to have the repairs performed on the Property. *Compl.* ¶¶6, 9. Plaintiff cannot, therefore, allege that there was any fraud in the inducement. Plaintiff claims that Defendants represented to Plaintiff that it would be paid for the repairs to the property, a duty arising out of the contract between Travelers and Plaintiff. As in *Regency*, the contract was negotiated at arms-length and so neither Travelers nor Brady owed Plaintiff a fiduciary duty. Next, Defendants alleged misrepresentations were not collateral or extraneous to the contract. Defendants alleged misrepresentations were simply statements that it intended to perform its contractual duties. Finally, Plaintiff has not suffered any damages that it could not recover in a contract action. While Plaintiff has requested punitive damages, these are not "damages caused by the contract's breach" as required by established precedent. *Regency* at

10

43. Plaintiff's fraud claims are duplicative of its breach of contract claims and fail as a matter of law.

When a plaintiff alleges fraud, Rule 9(b) requires that "the circumstances constituting fraud or mistake … be stated with particularity." Fed. R. Civ. P. 9(b). Courts in this circuit have construed Rule 9(b) to require "the pleader… state the time, place, and content of the false misrepresentations, the fact misrepresented, and what was retained or given up as a consequence of the fraud." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1278 (D.C. Cir 1994). Plaintiff merely states that Travelers and Brady represented to Plaintiff that it would be paid in full based on the contract. *Compl.* ¶9. Plaintiff does not allege when the representations were made, does not allege the place where the representations were made, does not allege any particulars as to what was said, and does not allege why the statement was false when it was made. Plaintiff's fraud claims fail as a matter of law for failure to comply with the specificity requirements of Rule 9(b).

Finally, Plaintiff alleges that all of Travelers' and Brady's representations were made for the purpose of ensuring that Plaintiff completed its performance under the contract. Plaintiff cannot, as a matter of law, prove that it took any action in reliance on those representations. At the time the alleged misrepresentations were made, Plaintiff had an existing contractual obligation to complete its performance. *Compl.* ¶¶6, 9. Plaintiff makes no allegation that either Defendant made any fraudulent representation when it entered into the contract with Travelers. Based on the allegations of the Complaint, if Plaintiff had ceased work on the project, it would have been liable to Travelers for breach of contract. Any promises made after the parties had entered into the contract would have failed for lack of consideration and so could not have been

reasonably relied on. Since Plaintiff's claim for fraud fails to allege any reasonable reliance on the representations, Plaintiff's claim for fraud fails as a matter of law.

### IV.     Plaintiff Lacks Standing to Sue

Plaintiff's claims fail as a matter of law because it lacks standing to sue or be sued pursuant to Fed. R. Civ. P. 15 under D.C. law. Plaintiff alleges that it is a Virginia business which repairs, improves, and/or refurbishes historical real property and is located in Virginia. *Compl.* ¶1. Plaintiff has sued in its own name. *Compl.* According to its Civil Cover Sheet filed with this Court, Plaintiff is a citizen of another state, not that it is incorporated in another state or holds its principal place of business in another state. According to the Commonwealth of Virginia's State Corporation Commission, there is no company registered under the name "Hunter Innovations Company". The common law of the District of Columbia is that neither a partnership nor an unincorporated association may sue or be sued in its own name. *See, e.g., Pritchett v. Stillwell,* 604 A.2d 886 (1992). Here, Hunter Innovations Company lacks the capacity, as an unincorporated entity, to sue in its own name. As a result, Plaintiff's claims must be dismissed for failure to state a claim upon which relief may be granted.

### CONCLUSION

For the reasons stated above, this Court should enter an Order dismissing Plaintiff's claims against Defendants The Travelers Indemnity Company of Connecticut and Stephen Brady with prejudice for failure to state a claim upon which relief may be granted. Plaintiff's claims against Defendants are barred by the applicable statutes of limitations. Plaintiff's equitable claims are barred by his allegations of an express contract. Plaintiff fails to state a cause of

action for fraud and fails to plead fraud with the required particularity.  Plaintiff lacks capacity to sue or be sued pursuant to Rule 15.

        FERGUSON, SCHETELICH & BALLEW, P.A.

By: _____/s/_____
    Robert L. Ferguson, Jr.
    DC Bar No.: 388526
    100 S. Charles Street, Suite 1401
    Baltimore, MD 21201-2725
    (410) 837-2200
    (410) 837-1188 fax
    *Attorneys for Defendants The Travelers*
    *Indemnity Company of Connecticut and*
    *Stephen Brady*

UNITED STATES DISTRICT COURT
District of Columbia

HUNTER INNOVATIONS COMPANY     *

    Plaintiff     *

v.     *

THE TRAVELERS IND. CO. OF CONN.,     *    Case No. 1:08-cv-00671 PLF
Et al.
    *

    Defendants

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ORDER**

UPON CONSIDERATION of Defendants The Travelers Indemnity Company of Connecticut and Stephen Brady's Motion to Dismiss, their Memorandum in Support, any responses and replies thereto, and the argument of counsel, it is this _____ day of _____, 2008

**ORDERED,** that Defendants' Motion to Dismiss be and the same is hereby **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint is Dismissed with Prejudice.

 

_____
Paul L. Friedman
United States District Court Judge

UNITED STATES DISTRICT COURT
District of Columbia

| | |
|---|---|
| HUNTER INNOVATIONS COMPANY | * |
|     Plaintiff | * |
| v. | * |
| THE TRAVELERS IND. CO. OF CONN., Et al. | *   Case No. 1:08-cv-00671 PLF |
| | * |
|     Defendants | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## REQUEST FOR HEARING

Defendants The Travelers Indemnity Company of Connecticut and Stephen Brady, by and through their attorneys FERGUSON, SCHETELICH & BALLEW, P.A. and Robert L. Ferguson, Jr., request a hearing on their Motion to Dismiss.

                          FERGUSON, SCHETELICH & BALLEW, P.A.

                          By:    _____/s/_____
                                  Robert L. Ferguson, Jr.
                                  DC Bar No.: 388526
                                  100 S. Charles Street, Suite 1401
                                  Baltimore, MD 21201-2725
                                  (410) 837-2200
                                  (410) 837-1188 fax
                                  *Attorneys for Defendants The Travelers Indemnity Company of Connecticut and Stephen Brady*