UNITED STATES DISTRICT COURT
District of Columbia

HUNTER INNOVATIONS COMPANY  *

    Plaintiff  *

v.  *

THE TRAVELERS IND. CO. OF CONN.,  *  Case No. 1:08-cv-00671 PLF
Et al.
      *

    Defendants

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants The Travelers Indemnity Company of Connecticut ("Travelers") and Stephen Brady ("Brady"), by and through their attorneys FERGUSON, SCHETELICH & BALLEW, P.A. and Robert L. Ferguson, Jr., submit this Reply Memorandum in Support of their Motion to Dismiss pursuant to Rule 12(b)(6) and for reasons state:

## PLAINTIFF DOES NOT HAVE STANDING TO SUE

D.C. Code Ann. §47-2855.02 (1999) requires that any person who carries on, conducts, or transacts business in the District of Columbia under any trade name register with the Department of Consumer and Regulatory Affairs. Sole proprietorships are required to register. *Id.* D.C. Code Ann. §47-2855.03 states "No person carrying on, conducting, or transacting business under any trade name shall be entitled to maintain any suit in any of the courts of the District of Columbia until the person has properly completed the registration as provided for in this section." 'Hunter Innovations Company' is not a registered trade name with the Department of Consumer and Regulatory Affairs. *Plaintiff's Exhibit 1*, ¶3. As such, it cannot sue in any Court in the District. Since Plaintiff cannot bring its claim in any court

of the District of Columbia, it is barred from bringing state law claims in federal court based on diversity jurisdiction. *See, e.g., Telephone & Data Systems, Inc. v American Cellular Network*, 966 F.2d 696, 699 (D.C. Cir., 1992) ("A federal court, sitting in diversity in the District, must apply the District's door closing statute").[1]

## **PLAINTIFF'S CLAIMS ACCRUED NO LATER THAN DECEMBER, 2004**

In Paragraph 11 of its Complaint, Plaintiff alleges that it provided a written Final Statement to Brady and Travelers reflecting its total job costs in September, 2004. In the same paragraph, Plaintiff alleges that it submitted another written Final Statement to Brady and Travelers reflecting total job costs in December, 2004. Plaintiff's claims accrued when it completed performance under the contract and submitted its final bill for payment. When Plaintiff submitted a bill in September 2004 and was not paid, it alleges that it had completed performance and was entitled to payment under the contract. Based on Plaintiff's allegations, beginning in September, 2004, Plaintiff could have successfully pursued a claim for breach of contract. As a result, the statute of limitations would have run in September, 2007, yet Plaintiff did not file its Complaint until April 17, 2008, more than 3 years after the cause of action had accrued. Plaintiff's Complaint is barred by the statute of limitations.

The discovery rule is inapplicable in this case. Whether or not Defendants affirmatively stated that they would not pay for the repairs to the property, the fact remains that Plaintiff alleges that he had completed repairs and was certainly aware that he had not been paid. Plaintiff cites no authority stating that it must refrain from pursuing an action for breach of contract until it receives an affirmative statement that it will not be paid in full.

---

[1] In addition, Defendants acknowledge that they mistakenly cited Rule 15, rather than Rule 17, for the proposition that Plaintiff does not have standing to sue in their original memorandum.

Using the test set forth in *Ezra Co. v. Psychiatrict Institute of D.C.*, 687 A.2d 587 (D.C. 1996), a cause of action accrues when the plaintiff has knowledge of the injury, its cause in fact, and some evidence of wrongdoing. In the present action, according to the allegations in the Complaint, Plaintiff knew that it had not been paid for work it alleges it performed and that it had not been paid because Defendants did not pay it. That is all that is necessary to pursue a breach of contract claim.

Plaintiff's argument that it could not have known, based on the facts in the Complaint, that the contract was not breached until April 18, 2005 is incorrect both as a matter of fact and a matter of law. As Plaintiff recognizes, the contract states "You will be able to document your project costs through time and material to me for justification of the claim." *Plaintiff's Exhibit 2*, Contract dated December 12, 2003. However, on December 14, 2004, Plaintiff alleges that Defendants sent him a letter stating that Defendants would be engaging a construction consultant in order to substantiate Plaintiff's final billing. *Plaintiff's Exhibit 4*. This letter acknowledges receipt of Plaintiff's final billing, informs Plaintiff that Defendants are disputing the final billing and retaining an expert to confirm the final billing, thus requiring additional proof of Plaintiff's billing that was not required in the contract. At the very latest, based on the allegations in the Complaint, Plaintiff knew or should have known that Defendants were in breach in December, 2004.

The equitable tolling doctrine does not apply in the present case. Plaintiff cites *Property 10-F, Inc. v. Pack & Process, Inc.*, 265 A.2d 290, 291 (1970) for the proposition that a defendant is estopped from raising the statute of limitations as a defense if the defendant has "done anything that would tend to lull the plaintiff into inaction and thereby

permit the statutory limitation to run against him." Unfortunately for Plaintiff, the quote continues,

> "But the effect of such estoppel is not to stop the running of the statue or to create a new date for its commencement. If ample time to file suit within the statutory period exists after the circumstances inducing delay have ceased, there is no estoppel against pleading the bar of the statute."

*Id.* at 291. Even if one were to accept as true that Plaintiff was lulled into inaction until June, 2005, Plaintiff would have had more than two full years to bring its complaint. As a result, Plaintiff cannot rely on equitable tolling doctrine.

### **PLAINTIFF'S FRAUD CLAIM FAILS AS A MATTER OF LAW**

Plaintiff's fails to cite to any fact or law supporting its position that it has succesfully plead a claim for fraud. Under D.C. law, "It is clear that a subsequent breach of contract does not give rise to a claim of fraud unless fraudulent intent existed at the time of the contract." *Wagshal v. Rigler,* 947 F. Supp. 10, 14 (D.D.C. 1996), *citing One-O-One Enterprises Inc. v. Caruso*, 668 F. Supp. 693, 699 (D.D.C. 1987). Plaintiff has made no allegation that Defendants induced Plaintiff to enter into the contract with any fraudulent intent. For this reason, Plaintiff' fraud claims fail as a matter of law.

*Virginia Academy v. Group Hospitalization*, 878 A.2d 1226 (D.C. 2005), relied on by the Plaintiff for its opposition, does not present a different rule of law than that discussed in Defendants' memorandum. In *Virginia Academy*, the plaintiffs' allegations of fraud were based on fraud in the inducement to enter into the contract. *Id.* at 1232. However, in the present case, Plaintiff's cause of action for fraud is premised on statements made by Defendants after the parties entered into the contract. Plaintiff's fraud claims fail as a matter of law.

4

**CONCLUSION**

For the reasons stated above and in the earlier memorandum, this Court should enter an Order dismissing Plaintiff's claims against Defendants The Travelers Indemnity Company of Connecticut and Stephen Brady with prejudice for failure to state a claim upon which relief may be granted. Plaintiff's claims against Defendants are barred by the applicable statutes of limitations. Plaintiff's equitable claims are barred by his allegations of an express contract. Plaintiff fails to state a cause of action for fraud and fails to plead fraud with the required particularity.

FERGUSON, SCHETELICH & BALLEW, P.A.

By: _____/s/_____
Robert L. Ferguson, Jr.
DC Bar No.: 388526
100 S. Charles Street, Suite 1401
Baltimore, MD 21201-2725
(410) 837-2200
(410) 837-1188 fax
*Attorneys for Defendants The Travelers Indemnity Company of Connecticut and Stephen Brady*