## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HUNTER INNOVATIONS COMPANY,     :
                             :

       Plaintiff,             :

                             :

v.                             :     Case No.    1:08-cv-00671 PLF
                             :     Judge:      Paul L. Friedman

THE TRAVELERS INDEMNITY    :     Deck Type:  Contract

CO. OF CONN., *et al.*          :

                             :

       Defendants.        :

## PLAINTIFF'S SURREPLY IN FURTHER SUPPORT
## OF OPPOSITION TO MOTION TO DISMISS

Plaintiff, Hunter Innovations Company, by and through its attorneys, hereby

submits, on the sole issue of standing, this Surreply in further support of its Opposition to

Motion to Dismiss, saying as follows:

### ARGUMENT

**Plaintiff does have standing to sue as there was no trade name which needed
to be registered.**

Initially defendants argued that plaintiff, as an unincorporated entity, lacked

capacity to sue in its own name. *See Memorandum of Points and Authorities in Support*

*of Defendants' Motion to Dismiss, p. 12.* In opposition, the plaintiff asserted it was a sole

proprietorship, and therefore, given applicable law in the District of Columbia, had the

capacity to sue in its own name. *See Plaintiff's Memorandum of Points & Authorities in*

*Support of Opposition to Motion to Dismiss, pp. 2-4.* In reply, and for the first time,

defendants argued that sole proprietorships are required to register with the District of

Columbia Department of Consumer & Regulatory Affairs ("DCRA"), citing D.C. Code §

47-2855.02 (1999).  *See Defendants' Reply in Support of Their Motion to Dismiss, p. 1.*

Defendants also argued that plaintiff is not a registered trade name, and thus cannot sue in

any Court in the District.  *Id., pp. 1-2.*  However, defendants' arguments are factually and

legally misplaced.

Contrary to defendants' first assertion, not all sole proprietorships operating in the

District of Columbia are required to register with the DCRA.  Pursuant to the cited

statute, only sole proprietorships which "carries on, conducts, or transacts business in the

District of Columbia *under any trade name* shall register that trade name with the

Department [of Consumer and Regulatory Affairs . . . ."  *D.C. Code § 47-2855.02 (1999)*

(emphasis added).  Crucial here is the statute's definition of "trade name," which

defendants understandably omitted.  The D.C. Code defines a "trade name" as follows:

> [A] word or name, or any combination of a word or name, used by a
> person to identify the person's business which:
> (A)      Is not, or does not include, the true and real name of all persons
> conducting the business; or
> (B)      Includes words *which suggest additional parties of interest* such as
> "company", "and sons", or "and associates".

*D.C. Code § 47-2855.01 (6)(A) and (B) (1999).*  Here, "Hunter Innovations Company"

includes the true and real name of all persons conducting the business.  *See Second*

*Affidavit of James F. Hunter attached hereto.*  Additionally, "Hunter Innovations

Company" is the designation or appellation by which James Hunter is best known and

called in the business community of the District of Columbia area related to historical

restorations of real property.  *Id.*  Moreover, the title of "Hunter Innovations Company"

does not suggest additional parties of interest.  For example, "Hunter Innovations &

2

Company" would so suggest additional parties, as would "Hunter & Co.", "Hunter &

Sons" or "Hunter & Associates". *See D.C. Code § 47-2855.01 (6)(B) (1999).* Since its

inception, Hunter Innovations Company has never had any other person or party of

interest other than James Hunter. *See Second Affidavit of James F Hunter attached*

*hereto.*

   Further, for over thirty (30) years, Hunter Innovations Company has been

operating in the District of Columbia. During that time, its sole owner, James Hunter, has

had numerous communications with the DCRA concerning various projects involving

Hunter Innovations Company. *Id.* In those communications, the DCRA advised Mr.

Hunter that Hunter Innovations was not a trade name which needed to be registered. *Id.*

Accordingly, applying the statutory authority to the facts here, plaintiff is not and was not

a trade name which needed to be registered with the DCRA. Therefore, plaintiff has

standing to sue defendants as originally pled.

   WHEREFORE, given the above good and valid reasons, as well as those reasons

stated in its previously filed Opposition, plaintiff respectfully requests that the Court enter

the proposed Order previously submitted, denying defendants' Motion to Dismiss in its

entirety, and awarding plaintiff any other such relief as is deemed proper.

        HUNTER INNOVATIONS COMPANY


         /s/ Geoffrey M. Bohn
        Geoffrey M. Bohn (D.C. Bar # 463248)
        Robert A. Battey (D.C. Bar # 463978)
        BOHN & KOURETAS, PLC
        P.O. Box 17811

Arlington, VA 22216
(703) 599-7076
(703) 842-8089 (Fax)

Attorneys for Hunter Innovations Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of August, 2008, a copy of the

foregoing was electronically filed with the Clerk of Court using the CM/ECF system,

which will then send a notification of such filing (NEF) to the following:

Robert L. Ferguson, Jr., Esq.
FERGUSON, SCHETELICH & BALLEW, P.A.
100 S. Charles Street, Suite 1401
Baltimore, MD 21201-2725

    /s/ Geoffrey M. Bohn
Geoffrey M. Bohn

4

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

HUNTER INNOVATIONS COMPANY,    :

       Plaintiff,    :

v.    :    Case No.    1:08-cv-00671 PLF
   :    Judge:    Paul L. Friedman
THE TRAVELERS INDEMNITY    :    Deck Type:    Contract
CO. OF CONN., *et al.*    :

       Defendants.    :

## SECOND AFFIDAVIT OF JAMES F. HUNTER

I, James F. Hunter, do depose and say that:

1.      I am over the age of 18, and I am competent to testify to the matters stated herein that are based upon my personal knowledge.

2.      Hunter Innovations Company contains my surname, Hunter.

3.      For more than thirty (30) years, Hunter Innovations Company also has been the designation or appellation by which I have been best known and called in the business community of the Washington, DC area, where I have transacted business.  In that time, the name Hunter Innovations Company has been used as a legal signature to bind me to contractual obligations.

4.      There are no other persons or parties of interest involved in Hunter Innovations Company.  As a sole proprietorship owned wholly by me, Hunter Innovations Company has never even had any employees.  The reason my sole proprietorship is not titled as "Hunter Innovations & Company", and has never been so titled, is that there has never been any other persons or parties affiliated or associated with my sole

proprietorship.

5.      For more than thirty (30) years, I have had numerous communications with the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA") concerning various restoration projects Hunter Innovations Company completed in the District of Columbia.  In those communications, the DCRA advised me that Hunter Innovations Company was not a trade name, which needed to be registered with the DCRA.  Moreover, no other person or entity has previously advised me that Hunter Innovations Company was a trade name, which needed to be registered with the DCRA.

6.      The first time I ever heard that Hunter Innovations Company was allegedly a trade name, which needed to be registered with the DCRA, was in defendants' recent filing in this lawsuit.  During the performance of the subject contract, defendants never represented to me that Hunter Innovations Company was an improper business entity, because it had not been registered with the DCRA.

I HEREBY SOLEMNY SWEAR AND AFFIRM, UNDER PENALTY OF PERJURY, THAT THE CONTENTS OF THE FOREGOING ARE TRUE AND CORRECT TO THE BEST OF MY PERSONAL KNOWLEDGE, INFORMATION AND BELIEF.


Aug 27, 2008                                                James F. Hunter
Date

2