UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

HUNTER INNOVATIONS COMPANY, )
        Plaintiff, )
        v. )   Civil Action No. 08-0671 (PLF)
THE TRAVELERS INDEMNITY )
CO. OF CONNECTICUT, et al., )
        Defendants. )

---

MEMORANDUM OPINION

This diversity action arises from an alleged contractual relationship between plaintiff Hunter Innovations Company ("HIC") and defendant The Travelers Indemnity Company of Connecticut ("Travelers"). The matter is before the Court on defendants' motion to dismiss. After careful consideration of the parties' papers, and the entire record in the case, the Court will grant defendants' motion.[1]

I. BACKGROUND

HIC is a Virginia business that provides repair, improvement and refurbishment services for historical properties. See Compl. ¶ 1. On December 12, 2003, defendants (Travelers and Stephen Brady, a Technical Specialist in Property Claim Services for Travelers) offered a

---

[1] The Court considered the following papers in connection with this motion: plaintiff's Complaint ("Compl."); defendants' Motion to Dismiss ("Mot."); plaintiff's Opposition to Motion to Dismiss ("Opp."); defendants' Reply in Support of Their Motion to Dismiss ("Reply"); and plaintiff's Surreply in Further Support of Opposition to Motion to Dismiss ("Surreply").

contract to HIC to repair and refurbish a property insured by Travelers and located in the District of Columbia. See id. ¶¶ 5–6. The contract called for HIC to make an accounting of its time and materials in order to receive payment for that amount plus an additional amount for overhead expenses and profit. See id. ¶ 7. HIC accepted the terms of the contract and completed the work on the property. See id.

Following completion of the repairs, a dispute arose as to the accuracy of HIC's accounting of its costs. See id. ¶ 13. Defendants concluded that the cost of completion of the repairs was $210,214.21, substantially less than the $318,555.12 claimed by HIC. See id. ¶¶ 11, 13. Because of this discrepancy, after crediting a check issued by Travelers for the lesser amount on June 22, 2005, HIC alleges that it is still owed $189,193.88. See id. ¶ 14. On April 17, 2008, HIC filed suit in this Court asserting claims for breach of contract, fraud, unjust enrichment, and in *quantum meruit*.[2] Defendants now move to dismiss under Rule 12(b)(6), arguing, among other grounds, that plaintiff lacks standing to sue in this Court.[3]

## II. STANDARD OF REVIEW

As a threshold jurisdictional matter, the Court must address defendants' challenge to plaintiff's standing to sue. See A.N.S.W.E.R. Coalition v. Kempthorne, 493 F. Supp. 2d 34,

---

[2] The allegations in the complaint support a finding that the Court has jurisdiction under 28 U.S.C. § 1332. Plaintiff is a business located in Virginia, defendant Travelers has its principal place of business in Connecticut, and defendant Brady is a citizen of Maryland. See Compl. ¶¶ 1–3. Plaintiff seeks $189,193.88 in compensatory damages. See Compl. ¶ 14.

[3] Defendants' other arguments include: failure to state a claim upon which relief may be granted; that the complaint is barred by the statute of limitations; and that plaintiff's equitable claims are barred by the existence of a written contract. See Mot. at 1.

41 (2007). Federal courts are courts of limited jurisdiction. They therefore may hear only cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress. See, e.g., Beethoven.com L.L.C. v. Librarian of Congress, 394 F.3d 939, 945 (D.C. Cir. 2005); Best v. United States, 522 F. Supp. 2d 252, 254 (D.D.C. 2007); Srour v. Barnes, 670 F. Supp. 18, 20 (D.D.C.1987) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511 (1973)). A federal court has no subject matter jurisdiction where the plaintiff lacks standing. See A.N.S.W.E.R. Coalition v. Kempthorne, 493 F. Supp. 2d at 42 (citing Worth v. Jackson, 451 F. 3d 854, 855 (D.C. Cir. 2006)). Accordingly, the Court will treat plaintiff's motion to dismiss for lack of standing as a motion to dismiss for lack of subject matter jurisdiction brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure. See, e.g., Telephone & Data Sys., Inc. v. American Cellular Network Corp., 966 F.2d 696, 699 (D.C. Cir. 1992) (treating statutory requirement that foreign corporation register to do business in the District of Columbia prior to maintaining suit there as jurisdictional bar).

  Under Rule 12(b)(1), plaintiff bears the burden of establishing subject matter jurisdiction. See Kokkonen v. Guardian Life Insurance Co., 511 U.S. 375, 377 (1994); Moms Against Mercury v. FDA, 483 F.3d 824, 828 (D.C. Cir. 2007) (citing Georgiades v. Martin-Trigona, 729 F.2d 831, 833 n.4 (D.C. Cir. 1984)). In determining whether to grant a motion to dismiss for lack of subject matter jurisdiction, the Court must accept all of the factual allegations in the complaint as true. The Court, however, need not accept factual inferences drawn by plaintiff if those inferences are not supported by facts alleged in the complaint, nor must it accept plaintiff's legal conclusions. See Best v. United States, 522 F. Supp. 2d at 255; Primax Recoveries, Inc. v. Lee, 260 F. Supp. 2d 43, 47 (D.D.C. 2003).

III.  DISCUSSION

In support of their motion to dismiss, defendants assert that plaintiff lacks standing for two separate reasons: (1) HIC is an unincorporated association and, according to the law of the District of Columbia, unincorporated associations may not sue in their own names; and (2) James Hunter is conducting business under the unregistered trade name "Hunter Innovations Company" and thus HIC is prohibited by statute from maintaining suit in any court in the District of Columbia.

*A. Unincorporated Association Status*

Defendants argue that HIC is an unincorporated association and therefore that the common law of the District of Columbia prohibits it from bringing suit in its own name.  An unincorporated association is a "collection of persons united for collective purpose generally formed under common law right of contract."  Pritchett v. Stillwell, 604 A.2d 886, 889 (D.C. 1992) (citation omitted).  In contrast, a sole proprietorship is a business form characterized by a single natural person who owns all the assets of the business; is responsible for all debts of the business; and is entitled to all the profits of business.  See id.; see  also Reclade v. ITT Hartford, 492 S.E.2d 435, 437 (Va. 1997) (ruling on a question of Virginia law certified by the District of Columbia Court of Appeals) (quoting Black's Law Dictionary 1392 (6th ed. 1990)).  A sole proprietorship is an entity that is so identified with its owner that the business either must undergo a fundamental change or cease to exist upon the owner's death or retirement.  See Pritchett v. Stillwell, 604 A.2d at 889.  A sole proprietorship cannot be an unincorporated association.  See id.

HIC relies on an affidavit from James F. Hunter in support of its argument that it is a sole proprietorship, not an unincorporated association. See Opp., Affidavit of James F. Hunter ("First Hunter Aff."). Mr. Hunter states that HIC is a sole proprietorship — he alone runs HIC; he makes all the decisions regarding the business; he is personally responsible for all the debts of HIC; and he is entitled to all the profits of HIC. See First Hunter Aff. ¶ 3. Mr. Hunter does not have any partners in his business, nor is HIC "owned or operated by a collection of persons united for collective purpose pursuant to a contract." See id. Mr. Hunter further states that HIC will cease to exist at the time of his retirement or death. See id. Defendants do not contest these statements in their reply. Based upon the statements in Mr. Hunter's affidavit, the Court concludes that HIC is a sole proprietorship and therefore is not an unincorporated association. Accordingly, the Court concludes that defendants' argument that unincorporated associations do not have standing to sue is irrelevant.

*B. Trade Name Registration*

Defendants argue that because HIC has not complied with a statutory requirement to register its trade name, it is statutorily barred from maintaining suit in any court in the District of Columbia. The relevant provision of the District of Columbia Code states that a sole proprietorship which conducts business within the District of Columbia under a trade name "*shall* register" that trade name with the Department of Consumer and Regulatory Affairs ("DCRA"). D.C. Code § 47-2855.02(a)(1) (emphasis added). The statute provides a significant penalty for failing to register: "No person carrying on, conducting, or transacting business under any trade name *shall be entitled to maintain any suit in any of the courts of the District of*

*Columbia* until the person has properly completed the registration as provided for in this section." D.C. Code § 47-2855.03(d) (emphasis added).[4]  Defendants argue that because "Hunter Innovations Company" is a trade name, which has not been registered with the DCRA, HIC is barred from maintaining suit in this Court.  Plaintiff agrees that it is not registered as a trade name with the DCRA, and instead argues that "Hunter Innovations Company" is not a trade name under the District of Columbia Code.[5]

The District of Columbia Code defines "trade name" as follows:

"Trade name" means a word or name, or any combination of a word or name, used by a person to identify the person's business which:

(A)   Is not, or does not include, the true and real name of all persons conducting the business; or

(B)   Includes words which suggest additional parties of interest such as "company", "and sons", or "and associates".

D.C. Code § 47-2855.01(6).  A plain reading of the statute makes clear that "Hunter Innovations Company" is a trade name because it uses the word "company" in its name, and "company" is an

---

[4]   A federal court sitting in diversity jurisdiction in the District of Columbia must apply the jurisdictional statutes of the District.  See Woods v. Interstate Realty Co., 337 U.S. 535, 536–538 (1949) (citing Guar. Trust Co. v. York, 326 U.S. 99, 108 (1945) ("a federal court adjudicating a State-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State")); Tel. & Data Sys, Inc. v. American Cellular Network Corp., 966 F.2d at 699 (applying District of Columbia "door-closing" statute).

[5]   In support of its argument that it is not operating under a trade name, plaintiff submitted a second affidavit from James F. Hunter, which states, in part, that "[f]or more than thirty (30) years, I have had numerous communications with the [DCRA]. . . .  In those communications, the DCRA advised me that Hunter Innovations Company was not a trade name, which needed to be registered with the DCRA."  See Surreply, Second Affidavit of James F. Hunter ¶ 5.  Even assuming this statement is true, and assuming that plaintiff relied on this misstatement of the law, in light of the statute it does not give the Court subject matter jurisdiction over plaintiff's claims.

example set out in the statute itself of a word that "suggest[s] additional parties of interest." See D.C. Code § 47-2855.01(6)(B).

Plaintiff argues that while the phrase "and company" would suggest additional parties of interest, the word "company" by itself does not. See Surreply at 2–3. This argument might make sense in common parlance, but that is not what the statute says. The other statutory examples of phrases suggesting additional parties of interest — "and sons" and "and associates" — both explicitly include the conjunction "and," while "company" is given as a stand-alone example without the conjunction. See D.C. Code § 47-2855.01(6)(B). In light of these statutory examples, this Court is compelled to conclude that Section 47-2855.01(6)(B)'s use of the word "company," by itself, was explicitly intended to qualify as a word that "suggest[s] additional parties" within the statute's meaning and intent. "Hunter Innovations Company" is thus a trade name under Section 47-2855.01(6)(B) and, because plaintiff has not registered that trade name with the DCRA, it may not maintain suit in this Court. See D.C. Code § 47-2855.03(d). Cf. Bourbeau v. The Jonathan Woodner Co., 549 F. Supp. 78, 84–85 (D.D.C. 2008) (finding provisions of the District of Columbia Code regarding incorporation precluded plaintiff from having standing).[6]

---

[6] The Court will grant defendants' motion to dismiss without prejudice, so that plaintiff may consider whether subsequent registration of the trade name would permit suit for the alleged contractual violations.

III. CONCLUSION

For the reasons explained above, defendants' motion to dismiss is granted without prejudice. An Order consistent with this Memorandum Opinion will issue this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 31, 2009